CLOSED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS FONSECA, | Civil Action No.10-3810 (SRC) |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| ALFONSO TOMITA et al., | |
| Defendants. | |

**CHESLER**, District Judge

This matter comes before the Court on its own motion to remand for lack of subject matter jurisdiction. Defendants Alfonso Tomita, Sushi Zushi of Dallas LLC, Sushi Zushi of Downtown LLC, Sushi Zushi of Fifth Street LLC, Sushi Zushi of Lincoln Heights LLC, Sushi Zushi of Stone Oak LLC, Sushi Zushi of Texas LLC, Sushi Zushi of the Colonnade LLC, Sushi Zushi of the Domain, LLC, Sushi Zushi, Inc., and Sushi Zushi, LLC (collectively, "Defendants") filed a Notice of Removal and Complaint in this Court on July 28, 2010. The Notice of Removal asserts that this Court has federal subject matter jurisdiction over this action by virtue of diversity jurisdiction, pursuant to 28 U.S.C. § 1332.

Having reviewed the Complaint, this Court finds that complete diversity does not exist and that this Court lacks subject matter jurisdiction. The Complaint alleges that Plaintiff is a citizen of New Jersey. The Notice of Removal asserts that all Defendants are citizens of Delaware and Texas. While the Notice of Removal contends that no Defendant is a citizen of New Jersey, Defendants may not undo jurisdictional allegations asserted in the Complaint. The

Complaint clearly alleges that Plaintiff is an equity owner of one or more of the Defendant limited liability companies. This makes Plaintiff a member of at least one Defendant limited liability company. Under Third Circuit law, then, at least one of the Defendant limited liability companies is a citizen of New Jersey. Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) ("the citizenship of an LLC is determined by the citizenship of each of its members.")

Diversity jurisdiction requires complete diversity: the citizenship of every plaintiff must be different from the citizenship of every defendant. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). This Court finds that the Complaint does not allege complete diversity – since Plaintiff and at least one Defendant are citizens of New Jersey – and does not support subject matter jurisdiction based on diversity of citizenship.

In an action removed to federal court under 28 U.S.C. § 1441, the removing party bears the burden of demonstrating that there is federal subject matter jurisdiction over the action. Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). Section 1441 must be strictly construed against removal, with all doubts to be resolved in favor of remand. Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992). Federal statutory law mandates that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(d); see also Federal Rule of Civil Procedure 12(h)(3). The Court, moreover, has an independent obligation to satisfy itself that it has subject matter jurisdiction over a case. Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546 (2005).

Defendants have failed to establish a basis for this Court to exercise diversity jurisdiction over this case. This case will be remanded to the Superior Court of New Jersey for lack of federal subject matter jurisdiction.

**SO ORDERED.**

    s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: August 3, 2010